UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61158-CIV-COHN
MAGISTRATE JUDGE P.A. WHITE

CHRISTOPHER E. HOPE, SR.,          :

    Petitioner,                    :

v.                                 :          REPORT OF
                                      MAGISTRATE JUDGE

MICHAEL D. CREWS,                  :

    Respondent.                    :

_____

## Introduction

      Christopher E. Hope, Sr., who is presently confined at Walton Correctional Institution in De Funiak Springs, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions and sentences in case numbers 08-006361CF10A and 09-014828CF10A,[1] entered in the Seventeenth Judicial Circuit Court of Broward County.

      This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

      The Court has before it the petition for writ of habeas corpus [DE#1], Petitioner's responses to an order to respond to the limitations period [DE##10 & 15], and the Respondent's response to an order to show cause and appendix of exhibits [DE##13 & 14].

---

[1]Petitioner also indicates that he is challenging the judgment of conviction entered in case number 08-12033CF10A.  As the record reflects, however, that case was not prosecuted by the State, and the offenses charged therein were re-filed in case number 09-014828CF10A [See DE#14, Exhs.B & C].

1

<u>Claim</u>

Petitioner's sole claim in this proceeding is that the state trial court abused its discretion in denying his state motion for post-conviction relief.

<u>Procedural History</u>

On April 3, 2008, Petitioner was charged with one count of failure to register as a sexual predator [DE#14, Exh.A].  On August 10, 2009, Petitioner was charged with two counts of sexual battery on a child, and three counts of lewd or lascivious molestation [DE#14, Exh.B].  On August 20, 2009, Petitioner entered a plea of no contest to all charges [<u>Id.</u>, Exhs.A & B].  On August 28, 2009, Petitioner was sentenced to a 5-year prison term in the 2008 case, and a 10-year prison term to be followed by a 10-year term of probation in the 2009 case [<u>Id.</u>].  Petitioner did not take a direct appeal from his convictions and sentences.

On June 23, 2011, Petitioner filed a state motion for post-conviction relief pursuant to Fla.R.Crim.P. [DE#14, Exh.D].  That motion was summarily denied [DE#14, Exh.G].  Petitioner filed a timely notice of appeal of the trial court's summary denial of his 3.850 motion, but then subsequently filed a motion for voluntary dismissal [DE#14, Exhs.H & I].  On March 30, 2012, Florida's Fourth District Court of Appeal entered an order dismissing the appeal [DE#14, Exh.J].

On April 23, 2012, Petitioner filed a second state motion for post-conviction relief pursuant to Fla.R.Crim.P. [DE#14, Exh.K].  That motion was also summarily denied [DE#14, Exh.M].  Petitioner again filed a timely notice of appeal [DE#14, Exh.N].  On March 6, 2013, the Court of Appeals affirmed the trial court in a <u>per</u> <u>curiam</u> decision without written opinion [DE#14, Exh.P], <u>Hope v. State</u>, 109 So.3d 217 (Fla. 4th DCA 2013).  The mandate issued on April 5, 2013 [DE#14, Exh.Q].

On or about March 20, 2013, Petitioner made yet another filing in the state trial court [See DE#14, Exhs.A, B & C; DE#15, p.2].[2] As of the date of the filing of Respondent's response in the instant mater, that filing remained unresolved [DE#13, p.4; DE#14, Exhs.A-C].[3]

On May 20, 2013, Petitioner filed the instant federal petition for writ of habeas corpus [DE#1].[4]

<u>Threshold Issue - Statute of Limitations</u>

Because petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u>, <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[5]

---

[2]As the record reflects, Petitioner's filing was docketed as another state motion for post-conviction relief [DE#14, Exhs.A-C]. However, Petitioner states that this filing was a request for documents [DE#15, p.2]. For the reasons set forth *infra*, this discrepancy is immaterial to the undersigned's recommendation in this case.

[3]The Seventeenth Judicial Circuit of Broward County does not provide online public access to case details, so the undersigned was unable to view the docket in order to determine the status of Petitioner's filing. But again, for the reasons set forth *infra*, the status of that filing is immaterial to the undersigned's recommendation in this case.

[4]The "prison mailbox rule," provides that a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to a court clerk. <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[5]The statute provides that the limitations period shall run from the latest of —

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;

    (C)   the date on which the constitutional right

See, 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ....").  Once the limitations period is triggered, the AEDPA clock begins to run.

A properly filed application for state post-conviction relief stops the AEDPA clock, and tolls the limitations period.  See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").[6]  The AEDPA clock and limitations period then resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).  In order to toll the limitations period, however, the state motion for post-conviction relief must be filed before the limitations period expires.  See, Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

---

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

The one-year limitations period is also subject to equitable tolling in rare and exceptional cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549 (2010). In order for a habeas petitioner to establish that he is entitled to equitable tolling, he must show that: (1) he acted with reasonable diligence; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (internal quotation marks omitted); see also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002).

Here, the parties agree that the limitations period began to run from the date when Petitioner's judgment of conviction became final. In such cases, the AEDPA "marks finality as of 'the conclusion of direct review of the expiration of the time for seeking such review[.]'" Gonzalez v. Thaler, ___ U.S. _____, 132 S.Ct. 641, 653 (2012); see also 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009). In cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari. Gonzalez, 132 S.Ct. at 653. In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires. Id. In this case, the parties further agree that date was September 27, 2009, when Petitioner's time to take a direct appeal from his convictions and sentences expired. See Fla.R.App.P. 9.110(b). The instant federal petition for writ of habeas corpus was not filed until May 23, 2013, well-over one year from the date that Petitioner's judgment of conviction became

5

final.  As such, the instant petition is untimely, absent statutory or equitable tolling.

As set forth above, Petitioner did not file his first state motion for post-conviction relief pursuant to Fla.R.Crim.P 3.850 until June 23, 2011.  At that point, more than one year had elapsed since the date that Petitioner's judgment of conviction became final.   As such, the AEDPA's limitations period had already expired.  Therefore, Petitioner's 3.850 motion did not toll the AEDPA's limitations period, because there was nothing left to toll. Tinker, 255 F.3d at 1332.  Petitioner's second 3.850 motion and his subsequent filing in the state trial court did not toll the AEDPA's limitations period for the same reason.  Consequently, the instant petition is time-barred.

Petitioner does not dispute that the instant petition is barred by the AEDPA's statute of limitations.  Rather, Petitioner argues that he is entitled to equitable tolling because he was ignorant of the one-year statute of limitations imposed by the AEDPA.[7]  However, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."  Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law do not justify equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001)(lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the

---

[7]Petitioner makes various references to the date on which the factual predicate of the claims presented could have been discovered, but it appears from the context that what he is referring to is his discovery of the AEDPA's limitations period.

statute of limitations); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000)(ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000)(petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S .Ct. 504, 145 L.Ed.2d 389 (1999)(unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); <u>Wakefield v. Railroad Retirement Board</u>, 131 F.3d 967, 969 (11th Cir. 1997)(ignorance of the law "is not a factor that can warrant equitable tolling."). Consequently, Petitioner is not entitled to equitable tolling of the AEDPA's limitations period.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." <u>Id.</u> Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petitioner's constitutional

claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484).  "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484–85.

Having determined that Petitioner's claims are barred on procedural grounds, the court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. Accordingly, a certificate of appealability is not warranted. See Slack, 529 U.S. at 484–85 (each component of the §2253(c) showing is part of a threshold inquiry); see also Rose, 252 F.3d at 684.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DISMISSED AS TIME-BARRED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 7th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Christopher E. Hope, Sr., pro se
     DC#A700734
     Walton Correctional Institution
     691 Institution Road
     De Funiak Springs, FL 32433

     Heidi L. Bettendorf, AAG
     Office of the Attorney General
     1515 N. Flagler Drive, Suite 900
     West Palm Beach, FL 33401

9